UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FAR WEST MACHINE, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C17-5008 BHS<br><br>ORDER CONTINUING MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' motion for summary judgment (Dkt. 17) and Plaintiff's motion to continue (Dkt. 19). Also before the Court is Plaintiff's motion to strike. Dkt. 19. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Plaintiff's motion to continue for the reasons stated herein.

## I.　　BACKGROUND

On January 6, 2017, Plaintiff filed its complaint. Dkt. 1. The case arises from its dealings with Defendants, its insurance providers, after the loss of Plaintiff's equipment and property from a fire in 2014. *Id.*

ORDER - 1

After Plaintiff submitted an insurance claim to Defendants, the parties could not come to an agreement regarding the "actual cash value" to be paid by Defendants to cover the loss. Pursuant to the applicable insurance policy, the parties entered into a binding appraisal process to resolve the dispute. Dkt. 20 at 3. The process involved the appointment of three appraisers to a panel, including: (1) Mr. Derrig, selected by Defendants; (2) Mr. Howson, selected by Plaintiff; and (3) Mr. Danner, a third "umpire" appraiser mutually agreed upon by Derrig and Howson. *Id.*; Dkt. 21 at 2. *See also* Dkt. 18-1 at 7. On January 26, 2017, the appraisal panel issued an award of $700,000. Dkt. 20 at 3; Dkt. 21 at 3. *See also* Dkt. 18-3.

Plaintiff claims that the appraisal process resulted in a far lower award than deserved because the appraisers did not appropriately apply the policy's definition of "actual cash value" to the loss. Specifically, Plaintiff claims that (over the objection of Howson,) Derrig and Danner improperly relied upon the advertised cost of used items online that were in substantially worse condition than the items destroyed in Plaintiff's loss. Dkt. 20 at 3; Dkt. 21 at 3. To overcome the binding nature of the appraisal process, Plaintiff alleges that Derrig and Danner employed this method in order to reach a lower valuation as a result of bias, prejudice, or a lack of disinterestedness. *See* Dkt. 7–8.

On September 14, 2017, Defendants moved for partial summary judgment to enforce the appraisal. Dkt. 17. On October 2, 2017, Plaintiff responded. Dkt. 19. In its response, Plaintiff moves to strike the exhibits supporting Defendants' motion. *Id.* Plaintiff also moves for a continuance of the summary judgment proceeding in order to review recently received discovery and conduct three additional depositions. *Id.* On

October 6, 2017, Defendants replied and stated their opposition to the motion to strike and requested continuance. Dkt. 23.

## II. DISCUSSION

### A. Motion to Continue

On October 2, 2017, Plaintiff moved to continue summary judgment proceedings pursuant to Rule 56(d) pending the review of recently received discovery (including the claim file, Derrig's file, and Danner's file) and a deposition of Derrig, Danner, and another witness for Defendants. Dkt. 19 at 8–9. A party may seek to continue summary judgment proceedings in order to conduct additional discovery by showing "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *State of Cal., on Behalf of California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). *See also* Fed. R. Civ. P. 56(d).

It is clear that the recently received discovery is necessary to show bias, prejudice, or disinterestedness on the part of Derrig or Danner. While it would have been wise to seek the recently disclosed discovery far earlier, Plaintiff was not undiligent in seeking these documents, as the discovery cut-off is not until November 20, 2017. Since the motion for summary judgment was filed, Plaintiff has had nearly two months to review the recently disclosed documents and conduct the requested depositions. Therefore, it appears that the motion to continue should be moot. Nonetheless, the Court will grant the requested continuance until shortly after the discovery cut-off to afford Plaintiff the

opportunity to conduct any deposition that may be outstanding and prepare his opposition to Defendants' summary judgment motion.

B. **Motion to Strike**

Plaintiff also moves to strike the declaration and exhibits submitted in support of Defendants' motion for summary judgment on the basis of improper foundation for authenticity. Dkt. 19 at 4–6. Defendants' exhibits were attached to the declaration from their attorney and included the following: (1) excerpts from the certified policy issued by Defendants to Plaintiff; (2) excerpts from Defendants' claim file; (3) a copy of the appraisal award signed by the members of the appraisal panel; (4) a letter dated May 8, 2017, from Howson; and (5) a spreadsheet taken from Derrig's file.

When evidence is submitted by declaration, Rule 56(e) states that the declaration "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). *See also Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001). Because the declaration must affirmatively show that the affiant is competent to testify, the Ninth Circuit has "repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) (quotation omitted). Therefore, "the documents must be authenticated and attached to a declaration wherein the declarant is the person through whom the exhibits could be admitted into evidence." *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007) (quotation omitted).

Plaintiff's motion to strike seems like a pointless exercise, as Defendants' counsel can easily obtain declarations from the appropriate persons to establish foundation and there is no genuine dispute as to the authenticity of the documents. *See Bias*, 508 F.3d at 1224. Often parties refrain from objecting to such shortcomings in proffered declarations and exhibits when they are harmless and can easily be overcome. For instance, the declaration of Michael Poole submitted by Plaintiff appears to violate the best evidence rule by offering a definition of the policy's term "actual cash value" but citing to an exhibit that was inadvertently omitted. *See* Dkt. 20 at 2, 5. Similarly, the declaration of Roger Howson discusses amounts from the appraisal award without supporting those statements with a copy of the award itself. Dkt. 21 at 2–3. Defendants have not objected to these declarations, as the copies of the policy and the appraisal award have already been submitted in support of Defendants' own motion and objecting would be pointless.

Nonetheless, Plaintiff is correct that Defendants' proffered exhibits have not been attached to declarations from persons through whom the exhibits could be entered into evidence. Accordingly, the Court will not consider them. The Court will offer Defendants the opportunity to submit supplemental declarations from the proper persons to establish foundation for their supporting exhibits.

### III. ORDER

Therefore, it is hereby **ORDERED** as follows:

1. Plaintiff's motions to strike and continue (Dkt. 19) are **GRANTED**.

2. Defendants are granted leave to file supplemental declarations from the appropriate persons to support their proffered exhibits, to be submitted no later than November 24, 2017.

3. The Clerk shall **RENOTE** Defendants' motion for partial summary judgment (Dkt. 17) for December 1, 2017. Plaintiff shall submit its opposition to the motion, not to exceed 24 pages, no later than November 27, 2017. Defendants may file a supplemental reply, not to exceed 12 pages, no later than December 1, 2017.

Dated this 8th day of November, 2017.

BENJAMIN H. SETTLE
United States District Judge